19 F.3d 12
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Christopher E. SMITH, Plaintiff-Appellant,
v.
U.S. SPRINT; Susanne Keating; Lilian Grant, Defendants-Appellees.
 No. 92-2153.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1993.
Decided Feb. 28, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge.
 Chukwujindu Victor Mbakpuo, Mbakpuo, Ekeanyanwu, Anyaibe & Agiliga, Washington, D.C., for appellant.
 Ann-Mac Cox, McGuire, Woods, Battle & Booths, McLean, Va., for appellees.
 Valerie A. Fant, McGuire, Woods, Battle & Boothe, McLean, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and HEANEY, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case began as a claim stemming from an alleged wrongful discharge, but it is before us today for the purpose of reviewing whether the failure to comply with pre-trial discovery orders warranted both the dismissal of the action and the award of sanctions, attorneys' fees, and costs jointly and severally against Smith and his counsel. Finding no error, we affirm.
 
 
 2
 Smith's allegations from his complaint follow. Smith was a long distance sales representative for U.S. Sprint. On or about May 29, 1991, Smith returned from a brief vacation, driving straight to work and arriving dressed in a pair of blue jeans. He informed his immediate supervisor that he had had car trouble and could not have gone home and changed for work without being late. When Smith requested two hours floating time to go home and change, his supervisor authorized him to stay at work in his attire. Two hours later a group sales manager, in the presence of Smith's immediate supervisor, discharged Smith for violating the dress code. On April 6, 1992, Smith filed this diversity action alleging wrongful discharge, breach of contract, prospective employment injury, intentional infliction of emotional distress, and negligent hiring, training, and retention. Accompanying the complaint was a motion by Stephen Shelnutt (local counsel) to admit pro hac vice C. Victor Mbakpuo (Smith's attorney), a member of the bar of the Supreme Court of Ohio.[1]
 
 
 3
 On April 29, 1992, Sprint[2] answered the complaint and filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted.[3] Pending hearing on the motion the district court issued an order scheduling a pre-trial conference on July 16 and cutting off discovery on July 10. On May 7, 1992, Sprint served its First Set of Interrogatories and a Request for Production of Documents. Each request notified Smith that, pursuant to Fed.R.Civ.P. 33 & 34, responses were due within 30 days.[4]
 
 
 4
 As of June 7, 1992, Smith had not responded or objected to either request so Sprint called on June 12, 1992, to ascertain when responses would be received. When Smith's attorney stated that he would need a week to respond, Sprint stated that unless the responses were received by the close of business the next day it would file a motion to compel discovery responses. In that same conversation, Smith's attorney told Sprint to "go to hell." So, instead of waiting until the next day, Sprint filed a motion to compel, a memorandum in support of the motion, and a notice scheduling hearing on the motion for Friday, June 19.[5] The motion requested responses to the discovery requests by June 24 so that Sprint could adequately prepare for Smith's deposition on June 29.
 
 
 5
 Smith filed a response to the motion requesting that it be denied and stating that he would file his discovery responses in "a fortnight." Smith also filed an objection to the request for hearing stating that the local rules mandated a ruling on the pleadings, that the hearing was a trivial matter that worked against judicial economy, and that the request was frivolous, unwarranted, and an attempt to increase billable hours. At the hearing on June 19 a magistrate judge granted the motion to compel without further opposition from Smith, whose attorney did not appear at the hearing.[6]
 
 
 6
 Pursuant to the district court's order, Smith filed a response to the First Set of Interrogatories on June 24 but failed to file any documents in response to the request for document production.[7] Receiving the answers by regular mail on June 29, Sprint called Smith's counsel about the inadequateness of the answers to the interrogatories and the failure to produce documents. Smith's counsel stated that he would file supplemental answers, that no documents were available at that time, and that he would make every effort to bring them to the July 7 deposition. According to Smith's brief, Sprint stated that this was not acceptable and that unless the responses were received by the close of business the next day it would file another motion to compel. That same day, Sprint filed a motion for sanctions and to compel discovery responses or both, a memorandum in support of the motion, and a notice scheduling hearing on the motion for Thursday, July 2.[8]
 
 
 7
 On July 1 Smith's counsel filed a response to Sprint's motion stating that he had complied with the court's order, that the documents requested would not be available until the day of the deposition, that Sprint was acting unreasonably in making frivolous motions, and that his schedule permitted no time to attend hearings on such trivial motions. He also objected to the hearing stating again that the local rules mandated a ruling on the pleadings, that the hearing was a trivial matter that worked against judicial economy, and that the request was frivolous, unwarranted, and an attempt to increase billable hours. On July 2 a magistrate judge held a hearing on the motion. Smith's counsel did not attend and had called earlier to say that he would be unable to attend due to illness. At this hearing the magistrate judge expressed concern that none of the pleadings filed by Smith's counsel, other than the original complaint, had been signed by local counsel as required by E.D. Va. R. 7(D). Then, after hearing that no documents had been produced, that the answers to interrogatories were both inadequate and improper, and that Smith's deposition was 5 days away, the magistrate judge granted Sprint's motion for sanctions pursuant to Fed.R.Civ.P. 37, awarding them only against Smith's counsel. The magistrate judge also stated that Smith's deposition must begin on July 7, that the interrogatories be fully answered and delivered before the deposition, that any documents not produced by the beginning of the deposition would not be allowed at trial, and that all further pleadings on behalf of Smith must be signed by local counsel. Importantly, the order then stated that if Smith did not comply, the magistrate judge would recommend dismissal of the action with prejudice.
 
 
 8
 On July 2 Smith served his response to the request for production of documents. The response stated that Sprint already had or could obtain most of the requested documents and that certain other documents were either being located or did not exist. The only documents actually provided were two leaflets printed by the Communications Workers' of America calling attention to Smith's firing. On July 7 Smith served by regular mail his supplemental answers to interrogatories, and because they did not reach Sprint before the deposition scheduled on the same day, Smith's counsel had them sent by facsimile to Sprint during the deposition. Smith's counsel also failed to bring some discovery documents to the deposition as planned, claiming that he forgot them and that he would make them available by the end of the day. During the deposition, Smith's counsel repeatedly advised him not to answer questions pertaining to such matters as his mitigation of damages, his falsification of his employment application, and any information regarding either his alleged termination due to discrimination or his claim of negligent hiring and supervision.
 
 
 9
 Based on Smith's lack of compliance with the magistrate judge's order and the difficulties during the deposition, Sprint filed on July 7 a renewed motion for sanctions, a memorandum in support of the motion, and a notice scheduling hearing on the motion for Friday, July 10. Smith's counsel filed a motion to quash Sprint's renewed motion stating that he had complied with the magistrate judge's orders and explained any delays, that Sprint's motions violated local court rules, and that sanctions were not proper because motions on which they were based were unnecessary. Smith's counsel also filed a motion for reconsideration of the monetary sanction awarded against him on July 2. On July 10 the magistrate judge held a hearing and heard argument from Sprint first because Smith's counsel was late. After arriving both late and without local counsel, Smith's counsel presented his argument after which the magistrate judge denied both the motion to quash and the motion for reconsideration and stated that she would recommend dismissal of the action with prejudice as sanction for the repeated violations of the court's orders.
 
 
 10
 Following the magistrate judge's order, Smith filed second supplemental responses to the request for document production on July 28 and an objection to the magistrate judge's report and recommendation on July 29. After a hearing on July 31, the district court, noting that both Smith and his counsel had acted in callous disregard of their obligations under the rules, dismissed the action with prejudice and suggested that Sprint file a motion for fees and costs.
 
 
 11
 Sprint filed an application requesting attorneys' fees of $13,296.50 and costs of $2,771.10.[9] On August 14 Smith's counsel filed a motion for reconsideration of the district court's adoption of the magistrate judge's report and a motion to strike the application for attorneys' fees and costs.[10] On August 21 the district court held a hearing on these motions and without further argument denied Smith's motion for reconsideration. The district court then proceeded to Sprint's application for attorneys' fees and costs and heard Smith's objection that the motions did not merit any award of fees and costs because they were frivolous and unreasonable within the meaning of E.D. Va. R. 11(J)(1). Smith also claimed that the motions did not comply with the local rules requiring a good faith statement and 11 days' notice of any hearing. Finally Smith argued that the requested fees were unreasonable and encompassed more work than that pertaining to the motions to compel discovery and for sanctions. The district court granted the motion for fees and costs under Rule 37 awarding $14,115.50, the total requested less the amount already awarded by the magistrate judge, and assessed it against Smith and both of his counsel. Smith now appeals.
 
 
 12
 Reviewing the district court's decision for an abuse of discretion, see Mutual Fed. Sav. & Loan Assn. v. Richards & Assoc., 872 F.2d 88, 92 (4th Cir.1989), we are of opinion that the district court did not abuse its discretion in dismissing the action. While dismissal is an extreme sanction that rarely should be imposed, we are of opinion that such a sanction was warranted in this instance because the actions of both Smith and his counsel evidence a flagrant bad faith and a callous disregard for their obligations under the magistrate judge's orders, the Federal Rules of Civil Procedure, and the local rules of the Eastern District of Virginia which substantially affected the substantive rights of the adverse party and were prejudicial to the presentation of its case. See Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504 (4th Cir.1977), cert. denied, 434 U.S. 1020 (1978).
 
 
 13
 A review of the facts reveals the flagrant bad faith and callous disregard exhibited by Smith and his counsel. Despite the tight discovery timetable, Smith did not file timely responses to either the interrogatories or the request for documents. After Sprint called Smith's counsel about the responses, it learned that no responses had been prepared and that another week was necessary to prepare them. After the magistrate judge issued an order compelling discovery, Smith directly violated the order by filing incomplete and evasive responses,[11] failing to produce any documents, and requesting an additional week to file supplemental answers and produce documents. After the magistrate judge granted Sprint's second motion to compel, Smith again violated the order by failing to give Sprint his answers to interrogatories or to produce any documents prior to his deposition. Although Smith's counsel had mailed the answers that morning, they were not in Sprint's possession before the deposition began, and the later delivery of the documents or the faxing of the answers during the deposition did not cure the violations. Furthermore, at the deposition Smith's counsel repeatedly counseled his client to not answer questions, a direct violation of Ralston Purina Co. v. McFarland, 550 F.2d 967, 973 (4th Cir.1977), and Smith often gave evasive answers by stating that he could not remember many of the facts supporting his various claims.
 
 
 14
 Fulfilling obligations under the rules requires much more than simply going through the motions. It requires, among other things, a true effort to fully answer interrogatories, to produce relevant documents in a timely manner, and to properly conduct oneself during depositions. These matters are important to the smooth and efficient operation of the judicial system and are not to be taken lightly. Though Smith and his counsel have offered various explanations for their actions, we are of opinion that their actions evidence a pattern of conduct that should not have been countenanced by the court.
 
 
 15
 Smith also argues that Sprint's several motions to compel discovery requests did not comply with the local rules mandating a statement of good faith and 11 days' notice before hearing on a motion. A reading of the local rules reveals the flaw in Smith's argument. E.D. Va. R. 11.1(J) encourages counsel to cooperate with one another to reduce the necessity for filing discovery motions and states: "The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." In this case both motions to compel were accompanied by a memorandum stating uncooperative plaintiff's attorneys made the motion to compel necessary. We are of opinion that these statements satisfy the requirements of Rule 11.1(J). Furthermore, once the magistrate judge issued the first order compelling discovery, compliance with the order took precedence over the efforts of counsel to resolve the problems between them.
 
 
 16
 A similar result is reached with regard to the notice required under E.D. Va. R. 11(F)(1). Rule 11(F)(1) requires a party opposing a motion to file a response to the motion within 11 days after service and states: "For good cause, the responding party may be given additional time or may be required to file and serve his response, brief and supporting documents within such shorter period of time as the Court may specify." Contrary to Smith's argument, this Rule does not require 11 days' notice of a hearing; it instead requires the opposing party to respond within 11 days or within a shorter or longer period designated by the district court. In this case the district court specifically stated in its scheduling order that notice for all motions for hearing were to be given for the nearest Friday. Sprint complied with this order.
 
 
 17
 Smith also argues that the motions were frivolous and unnecessary in violation of E.D. Va. R. 11.1(L). We are of opinion that this argument has no merit. Both the actions of Smith and his counsel show a disregard for the discovery process. This disregard alone necessitated Sprint's motions. Furthermore, the discovery cutoff of July 10 necessitated the motions because Smith and his counsel showed no inclination to make candid responses to Sprint's discovery requests. As for Smith's remaining arguments with regard to the dismissal, we are of opinion that they warrant little discussion. The totality of the circumstances support the dismissal of the action and the prejudice to Sprint is inherent in that despite its efforts and the issuance of two orders compelling discovery, little relevant information pertinent to its defense was ever produced.[12]
 
 
 18
 As for the award of attorneys' fees and costs, we also are of opinion that the district court did not abuse its discretion. Fed.R.Civ.P. 37(a)(4) required the district court to award against Smith, or Smith's counsel, or both, the reasonable expenses, including attorneys' fees, incurred by Sprint in bring its successful motions to compel. Furthermore, the actions of both Smith and his counsel in failing to comply with the magistrate judge's orders and failing to serve answers to interrogatories or answer deposition questions required the district court to award Sprint reasonable expenses, including attorneys' fees. See Fed.R.Civ.P. 37(b)(2) & (d). Reviewing Sprint's application for attorneys' fees and costs, we are of opinion that the district court awarded only those fees and expenses flowing from the abuse of the discovery process, see Stillman v. Edmund Scientific Co., 522 F.2d 798, 801 (4th Cir.1975), and that the fees and expenses were reasonable.
 
 
 19
 Accordingly, the judgment of the district court is
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 An order prepared by Shelnutt to the same effect accompanied the motion but neither the docket sheet nor the record indicates that it ever was signed and entered
 
 
 [2]
 From here forward Sprint refers to Sprint's counsel, the firm of McGuire, Woods, Battle & Boothe
 
 
 [3]
 By order dated June 17, 1992, the district court granted the motion as to the counts for prospective employment injury and intentional infliction of emotional distress but denied the motion as to the remaining counts
 
 
 [4]
 Additionally, E.D. Va. R. 11.1(D) required any objections to be filed within 15 days
 
 
 [5]
 Pursuant to E.D. Va. R. 11 the district court stated in its scheduling order: "All motions shall be noticed for hearing on the nearest possible Friday and prior to the pretrial conference. (See Local Rule 11.) Ten (10) working days notice is required for motions to dismiss, for summary judgment, and for judgment on the pleadings."
 
 
 [6]
 Smith's counsel now states in his brief that he did not appear because of a scheduling conflict with a case in the District Court of Maryland. Although he now states he notified the district court of this conflict, he filed no motion for continuance and did not indicate it in either of his responses to the motion to compel. An examination of the responses does not support the statement that the court was advised of the conflict
 
 
 [7]
 After receiving notice that Smith's counsel would be unable to attend Smith's deposition on June 29, Sprint filed a notice that Smith's deposition would be held on July 7
 
 
 [8]
 According to the district court's scheduling order, all motions were to be noticed for hearing on the nearest Friday. Because July 4 fell on Saturday, July 3 was the recognized holiday. This explains the request that the hearing be held on Thursday. Furthermore, the following Friday was July 10, the scheduled cutoff date for discovery
 
 
 [9]
 The total of $16,067.60 included $1,952.50 previously awarded by the magistrate as sanctions payable only by Smith's counsel
 
 
 [10]
 Smith filed a Fed.R.Civ.P. 60(b) motion for reconsideration on August 14 calling into question the correctness of the July 31 judgment. Although a Rule 60(b) motion does not toll the time limitations for filing an appeal we have held that a Rule 60(b) motion may substitute for a Fed.R.Civ.P. 59(e) motion and toll the time period for filing an appeal if it is filed within 10 days of the final order. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir.1978). In this instance, Smith's Rule 60(b) motion was filed within 10 days after taking into account weekends in accordance with Fed.R.Civ.P. 6(a). Accordingly, Smith's appeal was timely filed on September 17 because it was filed within 30 days of the district court's order denying the Rule 60(b) motion on August 21. So far as defendant has moved to dismiss this appeal, the motion is denied
 
 
 [11]
 Most of the answers filed by Smith in his first response to interrogatories were either incomplete, referred Sprint to Smith's complaint, or contained objections that were not timely. Such responses constitute a failure to respond. See Fed.R.Civ.P. 37(a)(3) (stating, "an evasive or incomplete answer is to be treated as a failure to answer.")
 
 
 [12]
 For example, a response of plaintiff Smith during his discovery deposition was:
 Q: Let me finish the questions, please.--if you had any further absences or tardiness in the next 90 days that you could be terminated?
 A: Bullshit. Yeah.