**F. Brent NESTER, Janet B. Griffin, and Aerolator Systems, Inc., Plaintiffs,**

v.

**Wilbur F. POSTON, Defendant.**

No. 3:00CV277–H.

United States District Court, W.D. North Carolina, Charlotte Division.

April 12, 2001.

W. Scott Cooper, Rayburn, Smith, Cooper & Durham, P.A., James B. Gatehouse, Charlotte, NC, for plaintiffs.

Charles E. Lyons, Robert C. Dortch, Jr., Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., Charlotte, NC, Keith B. Romich, Fisher & Phillips, Atlanta, GA, for defendants.

## MEMORANDUM AND ORDER

HORN, Chief United States Magistrate Judge.

**THIS MATTER** is before the Court on the Plaintiffs' "... Motion to Compel Complete Responses to ... Second Set of Discovery Requests" [1] (document # 59) filed February 22, 2001; and "Defendant's Response ..." (document # 62) filed March 13, 2001. The Plaintiffs filed their "Reply ..." (document # 66) on April 6, 2001.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and this motion is now ripe for disposition.

Having carefully reviewed the pleadings, record, arguments of counsel, and applicable authority, the Court will *grant in part* and *deny in part* the Plaintiffs' Motion to Compel, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises generally from the Defendant's employment with the Plaintiffs from 1993 to 1999, culminating in the Plaintiffs' purchase of Poston Marketing, Inc. ("PMI") from the Defendant in 1999. The Plaintiffs allege that Defendant breached a Marketing Agreement, a Purchase Agreement, and a Noncompete Agreement. Defendant has counterclaimed for the balance of the purchase price as well as for a declaratory judgment that the Noncompete Agreement is void.

For a detailed statement of the factual and procedural history of this case prior to the filing of the subject motion, reference is made to the Court's "Memorandum and Order" filed January 22, 2001 (document # 52) in which the undersigned resolved three motions to compel as well as other pretrial motions.

On November 2, 2000, the Plaintiffs filed their Second Set of Discovery Requests consisting of two Interrogatories and six Requests for Production. Defendant's counsel certified that he served Responses on December 5, 2000, although Plaintiffs' counsel contends he did not receive the Responses until January 17, 2001.

Plaintiffs' counsel determined that the Responses were insufficient and attempted, by letters dated January 22, 2001 and January 29, 2001, to obtain supplemental responses from defense counsel.

On February 22, 2001, Plaintiffs filed a "... Motion to Compel Complete Responses to ... Second Set of Discovery Requests." On March 13, 2001, the Defendant filed his Response to the subject motion, representing to the Court that:

> in response to the failed mediation on Wednesday, January 24, 2001, and the court's ruling on January 22, 2001, that Defendant was gathering for disclosure all of his files, information and records relating to PMI, Aerolator, Penn Ventilator and L & W Investments, regardless of relevancy. To that end, each of the files or records still in the Defendant's possession ... and not previously produced, *have been neatly organized, assembled, have been tagged with identification as to the request(s) the file or documents are responsive to, and are available for Plaintiffs' copying.*

"Defendant's Response ..." (document # 62) at 1 (emphasis added).

In reliance on Defendant's representation and pursuant to an agreement with defense counsel, on March 23, 2001, Plaintiffs' counsel, Robert C. Adams, traveled to Atlanta,

---

1. Plaintiffs' Motion includes argument and authorities in support of its Motion.

Georgia, to view the requested documents, consisting of approximately 25,000 pages in hundreds of files packed in eight "banker's boxes." Mr. Adams avers that, contrary to the Defendant's representation, the documents were not labeled or tagged in any fashion and, consequently, he was unable to determine which documents responded to Plaintiffs' Requests. Additionally, the Plaintiffs contend that some of the documents are actually PMI business records and are, therefore, the Plaintiffs' property.

In their Reply, Plaintiffs have narrowed their Motion to three issues: (1) that Defendant be compelled to make a more definite response to Interrogatory One; (2) that Defendant be compelled to produce copies, at the office of Plaintiffs' counsel, of the disputed documents in a format matching particular documents to discovery requests; and (3) that Defendant be compelled to turn over to the Plaintiffs any PMI records in his possession.

This motion has been fully briefed and is ripe for disposition.

## II.  DISCUSSION

### A.  Discovery and Motions to Compel

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. *See Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979); *and Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. *See* Fed.R.Civ.P. 26(c).

■ Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir.1995) (denial of motions to compel reviewed on appeal for abuse of discretion); *Erdmann v. Preferred Research Inc.,* 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); *and LaRouche v. National Broadcasting Co.,* 780 F.2d 1134, 1139 (4th Cir.1986) (same).

### B.  Motion to Compel a More Definite Response to Interrogatory One

■ Interrogatory One sought the date on which the Defendant transferred his manufacturer's representative agreement with Penn Ventilation ("Penn")—an alleged "kickback" arrangement—from PMI to Poston Air Systems. The Defendant responded "no later than July, 1999" and stated that greater specificity was not possible absent review of PMI records which are in the Plaintiffs' control and custody.

The parties' counsel hotly dispute, as they seem to do in every aspect of this case, whether the Defendant has been afforded access to these documents. In light, however, of the fact that the Defendant has already been questioned about this matter at length during his deposition, the Defendant's response to this Interrogatory is sufficient. Accordingly, the Plaintiffs' Motion to Compel a further response to Interrogatory One is *denied.*

### 2.  Plaintiffs' Motions to Compel Responses to Requests to Produce

■ The undersigned has reviewed the Plaintiffs' Second Set of Requests for Production of Documents and determines they are reasonably calculated to lead to the discovery of admissible evidence relating to the three crucial questions in the Plaintiffs' case: 1) whether Poston violated a contractual or fiduciary duty to the Plaintiffs by accepting

secret payments from Penn; 2) whether Poston made false disclosures or representations to Nester and Griffin relating to the sale/purchase of PMI; and 3) whether Poston violated the Noncompete Agreement. Therefore, the Plaintiffs are entitled to complete responses to each of their Requests to Produce.

The Court has reviewed the Defendant's "boilerplate" objections to Requests to Produce Five and Six. Inapposite to the Defendant's contentions, these requests are neither overbroad nor oppressive. To the contrary, it is Defendant's objections which are without merit, often making "hair splitting" distinctions. *See Poole v. Textron, Inc.,* 192 F.R.D. 494, 499 (D.Md.2000) (discovery responses are improper if they are "disingenuous, hair splitting distinctions whose unarticulated goal is unfairly to burden an opposing party.") Therefore, the Defendant's objections to those requests are *overruled* and the Defendant must provide complete supplemental responses to each.

Furthermore, the Court is greatly concerned that the parties' respective counsel are making conflicting representations regarding easily verifiable details of the discovery process; that is, whether documents in the Defendant's possession have been tagged or labeled for identification. The undersigned warns all parties and their counsel that dismissal of claims or counterclaims, entry of default, and award of costs, including attorney's fees, are all proper sanctions for failure to comply with the Rules of Civil Procedure, the Local Rules, and orders of this Court. Further, if the failure to comply with the Rules or Court's orders is the product of an attorney's malfeasance, sanctions are appropriate against counsel personally.

Finally, and despite this Court's lengthy "Memorandum and Order" filed January 22, 2001 (document #52) discussing the Plaintiffs' entitlement to appropriate responses to discovery requests similar to those at issue here, the Defendant has not produced documents in response to Plaintiffs' Second Set of Requests for Production. Therefore, as to the Requests for Production, the Plaintiffs' Motion to Compel is *granted.* Furthermore, the Defendant is *ordered* to produce, *at the Plaintiffs' counsel's office,* copies of documents in a format matching particular documents to individual Requests to Produce.

**C. *Motion to Compel PMI Business Records***

The Plaintiffs further seek an order requiring the Defendant to turn over all PMI business records, not because they are responsive to any discovery request, but rather because they are the Plaintiffs' property. That is not a matter addressable during discovery, but instead is part of the Plaintiffs' conversion claim, which may be addressed on the merits by a summary judgment motion or at trial. The Defendant is reminded, however, that any PMI business record, which is responsive to Plaintiffs' Requests to Produce, must be produced, as discussed above.

**III. *ORDER***

**NOW THEREFORE, IT IS ORDERED:**

1. Plaintiffs' "... Motion to Compel Complete Responses to ... Second Set of Discovery Requests" (document #59) is **GRANTED IN PART** and **DENIED IN PART** as discussed in detail above.

2. The Defendant shall serve the required discovery responses upon opposing counsel *on or before May 15, 2001.*

3. Each party shall bear its own costs.

4. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.