**VICA COAL COMPANY, INC., Plaintiff,**

v.

**Trina Sparks CROSBY d/b/a Insurance Pros, Defendants.**

**No. CIV.A. 5:02–0133.**

United States District Court,
S.D. West Virginia,
Beckley Division.

Jan. 28, 2003.

Michael W. Blake, Blake Law Offices, Beckley, WV, for Plaintiff.

Christopher A. Brumley, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Defendant.

## ORDER

VANDERVORT, United States Magistrate Judge.

Pending are Plaintiff's Motion to Compel Discovery Responses, for Sanctions, and for Attorney's Fees filed on June 19, 2002 (Document No. 29.), and Defendant's Motion for Protective Order filed on July 19, 2002 (Document No. 37.). Plaintiff seeks an Order "compelling proper responses to interrogatories number 7, 8, and 10 from Plaintiff's First Set of Interrogatories to the Defendant." (Document No. 29, p. 1.) Defendant seeks a Protective Order relieving her of the obligation to respond to the same Interrogatories on the basis of "annoyance, oppression, undue burden and expense." (Document No. 37, p. 1.) For the reasons expressed more fully herein, the Motion to Compel (Document.No. 29.) is **GRANTED IN PART** and **DENIED IN PART**. The Motion for Protective Order (Document No. 37.) is **DENIED**.

Also pending is Plaintiff's Motion to Compel Discovery Responses, for Sanctions, and for Attorney's Fees (Document No. 44.) filed on October 15, 2002. Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Compel Discovery on November 7, 2002. (Document No. 46.) Plaintiff seeks an Order compelling a proper answer to the single Interrogatory posed in Plaintiff's Second Set of Interrogatories to the Defendant. Plaintiff's second Motion to Compel is **GRANTED**.

## BACKGROUND

Plaintiff originally filed this action in the Circuit Court of Raleigh County, West Virgi-

nia, on October 30, 2001. Defendant later removed the action to this Court on the basis of diversity jurisdiction as authorized by 28 U.S.C. § 1332(a). In its Amended Complaint, Plaintiff alleges that in November, 1995, Defendant Crosby, an insurance agent, proposed to Plaintiff that certain of Plaintiff's employees were "not required to be covered by Workers' Compensation and could instead be insured through various policies of insurance available through the Defendant." Amended Complaint (Document No. 32.), ¶ 4. Plaintiff further alleges that it relied on Defendant's advice and purchased the insurance policies only to find that its employees were required to be covered under Workers' Compensation. *See id.* ¶¶ 5, 8. Plaintiff alleges that the Workers' Compensation Division assessed Plaintiff interest, penalties, and attorney fees due to its non-payment of the proper premiums and that Plaintiff incurred legal expenses in the defense of the Workers' Compensation action and the expense of the premiums for the insurance policies that it did not need. *See id.* ¶¶ 6–8. Plaintiff alleges that Defendant engaged in negligent and fraudulent solicitation in selling it insurance. *See id.* ¶¶ 10–13. Specifically, Plaintiff alleges at Paragraph 13 of its Amended Complaint "[t]hat, upon information and belief, the Defendant, knowing that the above-listed proposal was not legal, fraudulently solicited VICA with the proposal listed above, thereby causing the above-listed damages, in addition to various general damages." Defendant denies that she solicited Plaintiff and asserts that Plaintiff's negligence was equal to or exceeded that of Defendant, therefore barring any recovery. *See* Defendant's Amended Answer to Plaintiff's Complaint (Document No. 7.), pp. 1, 3.[1]

### *Plaintiff's First Motion to Compel and Defendant's Motion for Protective Order*

Plaintiff served its First Set of Interrogatories upon Defendant on April 19, 2002. (Document No. 16.) Defendant served her Responses to Plaintiff's First Set of Interrogatories upon Plaintiff on May 17, 2002. Interrogatories 7, 8 and 10 of Plaintiff's First Set of Interrogatories and Defendant's Answers read as follows:

7. Please list the name, address and phone number of every current and former business client of the defendant.

ANSWER: This defendant objects to Interrogatory No. 7 as it does not relate to a claim and/or defense to this litigation, and therefore, is not discoverable under the Federal Rules of Civil Procedure. Additionally, this defendant would consider such information to be confidential, and not waiving said objections set forth above, this defendant, would not provide such information without an Order from the court as to its confidentiality.

8. Please list the name, address and phone number of every current and former business client, of any kind, of the defendant to whom the defendant sold a policy of insurance of the type sold to VICA which is at issue in this matter.

ANSWER: This defendant objects to Interrogatory No. 8 as it does not relate to a claim and/or defense to this litigation, and therefore, is not discoverable under the Federal Rules of Civil Procedure. Additionally, this defendant would consider such information to be confidential, and not waiving said objections set forth above, this defendant, would not provide such information without an Order from the court as to its confidentiality.

10. Please list the name, address and phone number of every current and former business client, of any kind, of the defendant for whom the defendant performed services as any employee benefits coordinator and/or workers' compensation return to work coordinator.

ANSWER: This defendant objects to Interrogatory No. 10 as it does not relate to a claim and/or defense to this litigation, and therefore, is not discoverable under

---

**1.** It should be noted here that on June 14, 2002, Plaintiff filed a Motion to Amend its Complaint "to expand and clarify the nature of its claims against the Defendant." (Document No. 28.) On June 24, 2002, the Court granted Plaintiff's Motion to Amend, and Plaintiff's Amended Complaint was filed. (Document Nos. 31 and 32.) To date, Defendant has not filed an Answer to Plaintiff's Amended Complaint. It has therefore been necessary for the undersigned to resort to Defendant's Amended Answer to Plaintiff's Complaint to determine what defenses she has raised.

the Federal Rules of Civil Procedure. Additionally, this defendant would consider such information to be confidential, and not waiving said objections set forth above, this defendant, would not provide such information without an Order from the court as to its confidentiality.

(Document No. 29, Exhibit A.)

Upon receiving Defendant's Answers to Plaintiff's First Set of Interrogatories in mid-May, 2002, Plaintiff's counsel wrote to Defendant's counsel on June 4, 2002, indicating his dissatisfaction with Defendant's objections to Interrogatories 7, 8 and 10 and offering to "agree to a stipulation protecting the use of any confidential and/or proprietary business information." (Document No. 29, Exhibit B; Document No. 38, Exhibit C.) Plaintiff's counsel explained in his June 4 letter that the information was requested

> to determine whether the Defendant has advised other clients to use her scheme of purchasing insurance from her in an attempt to reduce workers' compensation premiums as alleged by the Plaintiff and denied by the defendant and also whether the Defendant offered to provide services regarding all workers' compensation issues to other clients as she did for the Plaintiff.

*Id.* Plaintiff's counsel explained further that the information was relevant because Defendant "told representatives of VICA ... that such scheme was legal, as she had used it with various other business clients of hers." *Id.* In correspondence from Defendant's counsel to Plaintiff's counsel dated June 13, 2002 (Document No. 38, Exhibit B, p. 2.), Defendant's counsel stated as follows:

> ... I can further clarify the response to No. 7 & 8 that there are no former or current business clients of Trina Crosby to which she has sold a policy of insurance for the purposes of reducing workers compensation premiums. Additionally, Trina Crosby has never solicited business on the basis of selling insurance policies that would be used to reduce worker's compensation premiums to VICA or any other clients. With respect to the services provided by Trina Crosby to other clients regarding workers compensation issues, Ms. Crosby only provides assistance in the

area of claims on a return to work basis and claims in which the employer protests and requests a tracking of a lost time injury claim.

Plaintiff's counsel wrote to Defendant's counsel again on June 18, 2002, as he was submitting Plaintiff's Motion to Compel, stating as follows:

> While your client may now be stating that she never used her scheme with other clients or provided management of Workers' compensation coverage issues, this does not change the fact that she told representatives of VICA ... that such scheme was legal, as she used it with various other business clients of hers. Just as you are not expected to take all statements by my clients at face value, without further investigation, we can not and will not allow your client to make statement at odds with her prior representations and simply accept such false statements. While it may be difficult for your client to retrieve such information, we are still entitled to such information as it relates directly to your clients defense that she was approached by VICA with the scheme, which was actually proposed by her, and that she offered no advice regarding such scheme and, also, to my client's entire claim, including the reasons why they relied on your client's assertions.

(Document No. 29, Exhibit B.) In Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel Discovery and in Support of Defendant's Motion for Protective Order (Document No. 38, pp. 2—3.) filed on July 13, 2002, Defendant states as follows:

> As a preliminary matter, defendant has already answered Interrogatory No. 8 through correspondence preceding this motion. In that response (hereto attached as 'Exhibit B'), the defendant stated that she 'has never solicited business on the basis of selling insurance policies that would be used to reduce worker's compensation premiums to VICA or any other clients.' In addition, Ms. Crosby indicated that she has never sold policies for this purpose before or after her transactions involving VICA. Regardless, plaintiff has chosen to move this Court to compel dis-

covery which does not exist, while failing to provide even a scintilla of evidence that the defendant has been anything less than completely truthful. Such an argument cannot be said to be 'reasonably calculated' to lead to admissible evidence.

Defendant filed her Motion for a Protective Order on July 19, 2002, requesting that she be relieved of the obligation to respond to Interrogatories 7, 8 and 10 "on the basis of annoyance, oppression, undue burden and expense." (Document No. 37, p. 1.) In its Response to Defendant's Motion for Protective Order filed on October 4, 2002 (Document No. 43.), Plaintiff points out that Ms. Donna Cullop, apparently one of Plaintiff's employees and representatives who was insured through Defendant (See Document Nos. 10 and 40.), testified in her deposition on July 25, 2002, "that she was told by Defendant Crosby that Defendant Crosby had utilized the plan which she proposed to Vica Coal with other companies and that is [sic] was permissible to do so." (Document No. 43, pp. 5—6.) The Court notes from the copy of certain pages of Ms. Cullop's deposition testimony attached as Exhibit A to Plaintiff's Response to Defendant's Motion for Protective Order (Document No. 43, Exhibit A, pp 71—72.) that in deposing Ms. Cullop, Defendant's counsel asked her whether Plaintiff's answer to Defendant's First Set of Interrogatories was accurate, i.e., that Defendant told Ms. Cullup and others "that she utilized her proposed plan with other companies and that it was permissible to do so" and named the other companies. Ms. Cullop testified that it was accurate, and Defendant's counsel asked her "What other companies did she recite the names of?" Ms. Cullop could not remember. *Id.,* p. 72.

### Plaintiff's Second Motion to Compel

Plaintiff served its Second Set of Interrogatories upon Defendant on September 6, 2002, and Defendant served her Responses on September 12, 2002, five or six days after receiving them. (Document Nos. 41 and 42.) The Interrogatory and answer read as follows:

**2.** The undersigned believes that Defendant intended to state how Pre April, 2001, commissions

1. Please state, in detail, the amount of compensation, through commissions or otherwise, earned or received by the defendant through the sale of the subject insurance policies to VICA to be provided to VICA employees.

ANSWER: Objection, vague and over burdensome. Without waiving the objection, commissions received from January 4, 2001 through April 4, 2001 were paid in accordance to the Broker Commission Schedule of Starmark, and were as follows:

| | |
|---|---|
| 01/04/01 | $ 12.24 |
| 01/31/01 | $  9.83 |
| 02/28/01 | $  9.84 |
| 04/02/01 | $  4.75 |

No commissions were paid by Starmark after April 4, 2001 due to the cancellation of VICA due to non-payment of premiums. A copy of schedule attached. Post April 2001, commissions were paid in accordance to the General Agent's Compensation Schedule, copy of which is attached. Compensation is based on the policy purchased and is paid on a weekly basis. Reports are issued on a weekly basis and commissions are listed by the date the premium is paid, not in alphabetical order by the policy holder's name or their Employer.

(Document No. 44, Exhibit A.) [2]

Counsel for Plaintiff explained what he found problematic with Defendant's answer in a letter to Defendant's counsel dated Wednesday, October 9, 2002, as follows:

I disagree with the objection that the interrogatory is vague and over-burdensome. Additionally, the answer is not fully responsive to the interrogatory, as such interrogatory does not limit itself to the year 2001, but requests such earnings, etc. by the defendant since she proposed her idea and sold disability and life insurance policies to the plaintiff in approximately 1995, unless such policies were sold to the Plaintiff sooner than that time period.

(Document No. 44, Exhibit B.) Plaintiff's counsel stated further in his letter that he was required to file a Motion to Compel by

were paid, not "Post April 2001."

October 14, 2002, and asked Defendant's counsel to contact him. Plaintiff's counsel also called Defendant's counsel on Friday, October 11, 2002, and left him a voice message. (Document No. 46, pp. 1—2.) Defendant's counsel did not respond to Plaintiff's counsel's letter or phone call.

Counsel for Plaintiff states no reason why Defendant's answer to Plaintiff's Interrogatory is insufficient in his Motion to Compel. He stated his position in his October 9, 2002, letter as quoted above, a copy of which is attached to his Motion as Exhibit B. The Court will assume that it was intended to be incorporated by reference in the Motion. Counsel for Defendant elaborates upon the reasons Defendant posed for objecting to the Interrogatory in his Memorandum in Opposition as follows:

> The vagueness objection stands for itself as the portion of the question that indicates that commissions or compensations earned by the defendant, was provided to VICA employees. Clearly, any premiums earned would not be paid to VICA employees, rather to employees of the defendant. Anticipating that the interrogatory was seeking the amount of commissions made by the defendant on the policies at issue in this suit, she responded to the interrogatory. Notwithstanding the objection, she disclosed the premiums she was aware of, and provided a copy of the schedule which could be used to calculate the other premiums. The defendant further responded by stating that premiums are paid weekly, and not by policy holders name. Therefore there was no simple way to get the information without going through the calculations for each policy.

> Trina Sparks–Crosby is not required to perform the calculations of commissions as she would have to use information already available to the plaintiff, the premiums paid and the compensation schedule. It would be overburdensome to require her to back through the records and find the premiums that the plaintiff paid, and use the schedule to calculate premiums.

(Document No. 46, p. 2.)

### ANALYSIS

Rule 33(b) of the Federal Rules of Civil Procedure specifies how answers and objections are to be made to Interrogatories as follows:

**(b) Answers and Objections.**

(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

(2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.

(3) The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories. A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

(4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

(5) The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

Generic, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering.

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to answer an Interrogatory, the discovering party may move for an Order compelling the answer. *See* Fed.R.Civ.P. 37(a)(2)(B). Additionally, the Rule requires a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." *Id.* Rule 37 also pro-

vides that when a Motion to Compel is granted, the court "*shall,* after affording an opportunity to be heard, require the party whose conduct necessitated the motion or the party or attorney advising such conduct or both ... to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees," unless the nondisclosure was substantially justified or an award of expenses would be unjust. Fed. R.Civ.P. 37(a)(4)(A) (Emphasis added).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The 2000 changes to Rule 26(b)(1) of the Federal Rules of Civil Procedure narrowed somewhat the scope of discovery, allowing discovery of unprivileged facts "relevant to the claim or defense of any party," as opposed to the prior rule allowing discovery of facts "relevant to the subject matter involved in the pending action." In discussing these changes to the rule, one Court has noted that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action[,]" for instance, "other incidents of the same type, or involving the same product could be properly discoverable under the revised standard." *Thompson v. Department of Housing and Urban Development,* 199 F.R.D. 168, 172 (D.Md.2001). That Court also advocated compromise with regard to Motions to Compel where one party objects to discovery on the basis of Rule 26(b)(2)'s cost-benefit factors.

■ "The rules of discovery are to be accorded broad and liberal construction." *Nester v. Poston,* 200 F.R.D. 268, 270 (W.D.N.C.2001) (citing *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) and *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). "However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party." *Id.* (citing Fed.R.Civ.P. 26(c)). Resolution of a motion to compel is generally left within the broad discretion of the District Court. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.,* 43 F.3d 922, 929 (4th Cir.1995); *Erdmann v. Preferred Research Inc.,* 852 F.2d 788, 792 (4th Cir.1988); and *LaRouche v. National Broadcasting Co., Inc.,* 780 F.2d 1134, 1139 (4th Cir.1986). Additionally, Rule 26(b)(2) provides that the Court may limit discovery to the extent that discovery requests do not meet the relevancy standard or are unreasonably cumulative, duplicative, burdensome or expensive.

### *Plaintiff's First Motion to Compel and Defendant's Motion for Protective Order*

■ Interrogatory 7, which requests the name, address, and phone number of every current and former business client of the Defendant, clearly seeks information which is not germane to the claims or defenses of the parties. Interrogatories 8 and 10 request the same information with a focus more specifically upon the circumstances which are at the heart of this case. Interrogatory No. 7 is therefore also unreasonably cumulative or duplicative.

■ The Court finds that Interrogatories 8 and 10 request information which is relevant to the parties' claims and defenses but overreach to the extent that they seek information generally about "every current and former business client." The requested information relates directly to the allegations in Plaintiff's Complaint that Defendant negligently and/or fraudulently solicited or invited Plaintiff to purchase insurance policies from her in lieu of paying Workers' Compensation premiums and Defendant's contention on the

other hand that Plaintiff approached her.[3] Plaintiff contends, albeit not in its Amended Complaint, that Defendant's solicitation or invitation was buttressed by Defendant's representation or misrepresentation as the case may be that Defendant had various other business clients which had done the same thing. The issue was apparently raised in Plaintiff's Answers to Defendant's Interrogatories and was the subject of questioning by Defendant's counsel at Ms. Cullop's deposition. Ms. Cullop testified under oath that in interesting Plaintiff to purchase the insurance coverages, Defendant named several clients of hers which had. Interrogatory No. 8 asks Defendant to identify "every current and former business client, of any kind, of the defendant to whom the defendant sold a policy of insurance of the type sold to VICA which is at issue in this matter." The Interrogatory seeks information specific to Defendant's alleged representations in discussions with Plaintiff about the coverages. Interrogatory No. 10 asks Defendant to identify "every current and former business client, of any kind, of the defendant for whom the defendant performed services as any employee benefits coordinator and/or workers' compensation return to work coordinator." By this Interrogatory, Plaintiff seeks to elicit information respecting Defendant's experience with other clients in matters pertaining to claims for workers' compensation benefits. The Interrogatories should be limited, however, to the extent that they ask for information about "every current and former business client." Defendant should provide the requested information respecting every business client only through 1995 when Plaintiff alleges that Defendant induced Plaintiff to purchased insurance policies from Defendant.

Defendant shall therefore answer Interrogatories 8 and 10 as the Court has limited them separately and fully under oath in complete conformity with the Federal Rules of Civil Procedure and further answer other written discovery fully in conformity with the Federal Rules of Civil Procedure set forth above to the extent that Defendant's answers may not have been in compliance with those Rules. Objecting to Interrogatories and then offering an answer to opposing counsel in a letter and pleading in response to Plaintiff's Motion to Compel as Defendant's counsel did in this case will not suffice at all. The Rules require that answers to Interrogatories shall be made separately and fully under oath and signed by the party making them with the parties' attorney signing any objections. The course taken by Defendant's counsel has undermined the important function and utility of Interrogatories as they have been posed by the Plaintiff in this case. Seeking information through Interrogatories is an efficient and cost-effective method of discovery and marshaling evidence for trial. Indeed, the Rules anticipate that it could lead to the discovery of evidence worthy of admission at trial. Rule 33(c) provides that Interrogatory answers may be used at trial "to the extent permitted by the rules of evidence." Deviating from the course prescribed by the Rules in any manner or way therefore negates the significant opportunity to introduce evidence obtained through Interrogatories at trial.

Defendant objects to answering Interrogatories 8 and 10 on grounds of confidentiality and contends in opposing Plaintiff's Motion to Compel and seeking a Protective Order that the requested information is proprietary. The confidentiality asserted by Defendant is not the sort which would permit Defendant to avoid discovery. Interrogatory answers are not filed in the Court's files. The Court is not fully informed respecting the nature of the information which Defendant claims to be confidential. In fact, it appears from Defendant's counsel's June 13, 2002, letter and statement in his opposition to Plaintiff's Motion to Compel (Document No. 38.) as quoted above that the answer to Interrogatory 8 may be "none." Under these circumstances, the Court will not issue a Protective Order.

---

**3.** "The essential elements of an action for fraud are: (1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Lengyel v. Lint,* 167 W.Va. 272, 280 S.E.2d 66, Syllabus Point 1 (1981).

### Plaintiff's Second Motion to Compel

█  Defendant's objection to the Interrogatory as vague is completely without merit, and Defendant's counsel's explanation is disingenuous. The Interrogatory is clear and unambiguous. Plaintiff asks Defendant how much Defendant was compensated through commissions or otherwise as a consequence of selling Plaintiff certain insurance policies. It is clear from Defendant's answer to Plaintiff's Interrogatory that Defendant and Defendant's counsel knew what Plaintiff was requesting when they answered it. It is further abundantly clear from Defendant's counsel's explanation in Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel that he knew precisely what the Plaintiff was requesting through the Interrogatory.

Defendant's objection to the Interrogatory as "over burdensome" is likewise completely baseless. Defendant complains that it is too much work for her to go back over the years she sold Plaintiff the insurance policies which are in issue in this case and calculate her compensation for them. She would rather provide Plaintiff a schedule specifying how her compensation was calculated and let Plaintiff do it. Defendant's payment of compensation or commissions by insurers she represents occurs in the ordinary course of her business. She is certainly more capable than Plaintiff of calculating the amount she received in compensation through her sale of insurance policies to Plaintiff or otherwise making inquiries to obtain the information more easily. "A party to civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information." *Jackson v. Kroblin Refrigerated Xpress, Inc.,* 49 F.R.D. 134, 137 (N.D.W.Va.1970).[4]  Defendant's effort in answering the Interrogatory fell far short of that expected of parties in litigation in this Court.

Accordingly, with respect to Plaintiff's first Motion to Compel, the Plaintiff's Motion to Compel Defendant to Answer Interrogatory No. 7 (Document No. 29.) is **DENIED**. The Plaintiff's Motion to Compel Defendant to answer Interrogatories 8 and 10 (Document No. 29.) is **GRANTED**. Defendant shall answer both Interrogatories as the Court has limited them to the period of time through 1995. Because Defendant has had ample time to accumulate the requested information in case the Court granted Plaintiff's Motion to Compel, Defendant shall answer Interrogatories 8 and 10 as aforesaid by no later than Monday, February 10, 2003. Because of the mixed result, Plaintiff's request for attorney's fees, expenses and sanctions in conjunction with its first Motion to Compel is **DENIED**. Defendant's Motion for Protective Order (Document No. 37) is also **DENIED**.

Plaintiff's second Motion to Compel Discovery Responses (Document No. 44.), is **GRANTED**. Defendant shall answer the Interrogatory fully and completely under oath by Monday, February 10, 2003. Defendant shall state the amount of compensation Defendant received through commissions or otherwise over the years Plaintiff purchased the insurance policies in issue from Defendant.

In view of the requirement of Rule 37(a)(4)(A) that attorney's fees be awarded when a Motion to Compel is granted and Plaintiff's Motion for attorney's fees and expenses, the Court **ORDERS** that by Monday, February 10, 2003, counsel for the Plaintiff may file an itemized statement of the time expended and expenses incurred in connection with the Plaintiff's Motion to Compel (Document No. 44.) and counsel for Defendant may file a Memorandum explaining why

---

**4.** *See also Smith v. U.S. Sprint,* 19 F.3d 12, 1994 WL 62338, *4 (4th Cir.(Va.)). In view of Plaintiff's untimely responses to interrogatories and requests for production of documents and failure to comply with Court Orders, the Fourth Circuit stated as follows:

> Fulfilling obligations under the rules requires much more than simply going through the

motions. It requires, among other things, a true effort to fully answer interrogatories,. to produce relevant documents in a timely manner, and to properly conduct oneself during depositions. These matters are important to the smooth and efficient operation of the judicial system and are not taken lightly.

Defendant's Objection to Plaintiff's Interrogatory was substantially justified or an award of attorney's fees and expenses would be unjust. The Court will regard the failure of counsel for the Plaintiff and/or Defendant to file their respective documents by the prescribed date their forbearance and/or assent as the case may be.

Plaintiff's Motion for Sanctions as stated in conjunction with its second Motion to Compel is **DENIED**.

The Clerk is hereby requested to mail a copy of this Order to counsel of record.