**Wade C. HOUSE, Plaintiff,**

v.

**GIANT OF MARYLAND, LLC and Michael S. Green, Defendants.**

**Civil Action No. 1:04cv1015.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 8, 2005.

David Leo Duff, Law Offices of David L. Duff, PC, Fairfax, VA, for Plaintiff.

Christopher C. Spencer, Bowman and Brooke, LLP, Richmond, VA, for Defendant.

## OPINION

KELLEY, District Judge.

Plaintiff Wade C. House brought this negligence action against Giant of Maryland, LLC ("Giant") and Michael S. Green to recover damages for personal injuries he sustained in a vehicular collision on August 5, 2002. After a three day trial, the jury awarded plaintiff $300,000. Plaintiff then petitioned to recover fees and costs under Fed. R.Civ.P. 37(c)(2) because defendants failed to admit certain requests for admission that he proved at trial. (Docket No. 65).

By Order dated September 30, 2005, the Court granted plaintiff's motion. (Docket No. 75). Because the Court's ruling apparently contravenes established practice among Virginia litigators, the Court issues this Opinion to explain in detail its reasoning.

## I. Background

On August 5, 2002 defendant Green injured plaintiff by negligently driving a Giant Food truck through a red light and striking the Ford Explorer that Mr. House was driving. Mr. House incurred almost $20,000 in medical bills in addition to other damages.

Mr. House filed suit against the defendants on March 22, 2004 in Prince William County Circuit Court (Case No. LA 61877). Defendants removed the case to this Court. (Docket No. 1). Several months later, plaintiff filed his First Requests for Admission. Plaintiff asked defendants to admit that his medical bills were a) authentic, b) reasonable, and c) causally connected to the accident. Defendants responded to the authenticity requests with the following form answer:

*RESPONSE:* Giant of Maryland LLC is unable to admit or deny whether the attached bill is authentic because Giant of Maryland LLC is not the custodian of this record. Although the attached bill appears to be authentic, Giant of Maryland LLC has no way to verify its authenticity. Giant of Maryland LLC has recently subpoenaed this record from Mid–Atlantic Transport Services; however, Giant of Maryland LLC has not yet received documents responsive to its subpoena and therefore cannot check this bill against materials from Mid–Atlantic Transport Services.

Defendants responded to the reasonableness and causation requests for admission as follows:

*RESPONSE:* Giant of Maryland LLC is unable to admit or deny this request at this time because its investigation into Plaintiff's claim is ongoing and continuing. Whether Plaintiff's medical bills are fair and reasonable is likely to be the subject of expert testimony, and Giant of Maryland LLC has not yet determined whether to have an expert witness determine fairness and reasonability. Moreover, depositions of Plaintiff's expert witnesses have yet to take place.

. . .

*RESPONSE:* Giant of Maryland LLC is unable to admit or deny this request at this time because its investigation into Plaintiff's claims is ongoing and continuing. Whether Plaintiff's medical bills were incurred as a proximate result of the collision is likely to be the subject of expert testimony, and Giant of Maryland LLC has not yet decided whether to have an expert review the medical bills to determine proximate cause. Moreover, depositions of Plaintiff's expert witnesses have yet to take place.

Defendants never supplemented their answers to plaintiff's First Requests for Admission.

Without defendants' admissions of these key issues in the case, plaintiff retained Dr. John Bruno to testify about the reasonableness of plaintiff's medical bills and their causal connection to the accident. At trial, plaintiff presented Dr. Bruno's expert testimony. Plaintiff himself testified as to the authenticity of the medical bills that he received. Defendants did not object to the testimony of either witness and did not offer any contrary proof. Defendants' counsel did not contest the evidence in his closing argument.

Plaintiff incurred $2,995.00 in costs and $2,812.50 in attorney's fees to retain Dr. Bruno and present his testimony. Plaintiff incurred an additional $1,875.00 in attorney's fees to draft and file the instant motion.

## II. *Analysis*

Every rule in the Federal Rules of Civil Procedure must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R.Civ.P. 1. Rule 36 of the Federal Rules of Civil Procedure seeks to vindicate these goals by serving two vital purposes. "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."

Fed.R.Civ.P. 36 Advisory Committee's Notes, 1970 Amendment. "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct. They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play." *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936–37 (9th Cir.1994).

### A. *Adequacy of Defendants' Answers*

When confronted with a Rule 36 request for admission, the responding party must either object or answer. If the responding party chooses the second option:

The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. *An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry* and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed.R.Civ.P. 36(a)(emphasis added). A party who has answered a Rule 36 request for admission has a duty to supplement his or her responses. Fed.R.Civ.P. 26(e) [1]; *see Sanders v. CIM Indus. Mach., Inc.*, No. 94–1378, 1995 WL 501356, at *3, n. 2, 1995 U.S.App. LEXIS 23964, at *10, n. 2 (4th Cir. Aug. 23, 1995)(unpublished); *see also Neal v. Ridge*, No. 90–2343, 1996 WL 4050, at *12, 1996 U.S. Dist. LEXIS 14, at *18–19 (E.D. Pa. Jan 2, 1996)(unpublished)(granting motion to compel updated responses to previous answers to requests for admissions).

■ Defendants' answers to plaintiff's reasonableness and causation requests for ad-

---

**1.** Fed.R.Civ.P. 26(e)(2) states:

A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or *request for admission* if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. *Id.* (Emphasis added).

mission plainly do not comply with the requirements of Rule 36(a). Among other things, defendants did not make "reasonable inquiry" into either issue prior to serving their answers. They simply postponed any inquiry to the end of the discovery period when expert depositions normally take place. The inadequacy of defendants' answers was compounded by the fact that they were never supplemented.

Defendants do not defend the adequacy of their answers except to observe that the reasonableness of medical bills and their causal connection to the accident are issues upon which plaintiff bears the burden of proof. While true, this does not excuse defendants' non-answers. Rule 36(a) states:

> A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

(Emphasis added). Another portion of Rule 36(a) specifically authorizes any party to propound requests that relate to "the application of law to facts...."[2] *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed.Appx. 169, 172 (4th Cir. Mar. 2, 2005) (unpublished) (enforcing Rule 36 admissions that two trademarks are "confusingly similar").

Plaintiff's First Requests for Admission are similar to those considered by the Ninth Circuit in a medical malpractice action styled *Marchand v. Mercy Medical Center*, 22 F.3d 933 (9th Cir.1994). In affirming an award of sanctions for failure to admit, the court enforced Rule 36 requests that the defendant doctor admit negligence and causation. *Id.* at 938–39.

### B. *Propriety of Sanctions For Failure to Admit*

■ Rule 37(c)(2) states that the Court "shall" award the costs and expenses incurred in proving an unadmitted fact unless it finds that one of four situations is present. They are:

> (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

*Id.; see also S.E.C. v. Happ*, 392 F.3d 12, 33–34 (1st Cir.2004).

Defendants do not claim the benefit of any of these four safe harbors. They instead assert that plaintiff is barred from relief because his counsel did not confer about the inadequacy of defendants' answers or move before trial to test the sufficiency of those answers. That such action is unnecessary is made clear by the Advisory Committee Notes to Rule 37:

> Rule 36 does not provide for a pretrial hearing on whether the response is warranted by the evidence thus far accumulated. Instead, Rule 37(c) is intended to provide posttrial relief in the form of a requirement that the party improperly refusing the admission pay the expenses of the other side in making the necessary proof at trial.

The courts therefore uniformly hold that a pre-trial motion is not a prerequisite to relief under Rule 37(c)(2)[3]. *See, e.g., Apex Oil Co. v. The Belcher Co.*, 855 F.2d 1009, 1015 (2d Cir.1988). *See generally* 8A Wright, Miller & Marcus, *Federal Practice and Procedure: Civil* § 2290, p. 708 n. 5 (2d ed.1994).[4]

---

2. Matters of pure law, by contrast, are inappropriate subjects for Rule 36 requests for admission. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed.Appx. 169, 171 (4th Cir.2005).

3. The party propounding requests for admission may, of course, elect to challenge before trial an answering party's response. *See, e.g., Kutner Buick, Inc. v. Crum & Foster Corp.*, No. 95–1268, 1995 WL 508175, 1995 U.S. Dist. LEXIS 12524 (E.D.Pa. Aug. 24, 1995).

4. Within the Ninth Circuit, district courts are empowered to award Rule 37(c)(2) sanctions even when the responding party objected to the request and the objection was never ruled upon. *Marchand*, 22 F.3d at 938–39; *contra Russo v. Baxter Healthcare Corp.*, 51 F.Supp.2d 70, 79 (D.R.I.1999) (failing to challenge objection "constitutes 'other good reason for failure to admit' under Rule 37(c)(2)"); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal*

## C. *Amount of Sanctions For Failure to Admit*

### 1. *Cost of Proving Unadmitted Facts*

■ Defendants' seek to reduce the amount of any Rule 37(c)(2) award by arguing that the costs of retaining, preparing, and calling Dr. Bruno were not "reasonable." Specifically, defendants claim (1) that the jurors were capable of determining reasonableness and causation without the benefit of expert testimony, (2) plaintiff's other expert witness was competent to testify regarding the bills, and (3) counsel assured plaintiff's counsel that defendants would not object to the medical bills so long as they "were not presented in a misleading fashion."

Defendants' first contention is belied by their own answers to plaintiff's Requests for Admission. Defendants justified their non-answers by stating, in pertinent part:

> [w]hether plaintiff's medical bills were incurred as a proximate result of the collision is likely to be the subject of expert testimony and Giant of Maryland, LLC has not yet decided whether to have an expert review the medical bills to determine proximate cause.

As this answer suggests, plaintiff would have been foolish to attempt to prove such substantial parts of his *prima facie* case without the benefit of expert testimony. *See Sumner v. Smith,* 220 Va. 222, 225–26, 257 S.E.2d 825, 827 (1979) (stating expert causation testimony not prerequisite to recovery in negligence action, but failure to offer such testimony reduces persuasiveness of plaintiff's case).

As to the second objection, plaintiff's other expert witness testified about an entirely different class of injuries. Separate experts for separate issues allows a party to present his case clearly without confusing the elements of damage in the minds of the jury. Such an approach also mitigates the adverse impact that would occur should one of the experts fail to qualify or be discredited through cross-examination.[5]

*Practice and Procedure: Civil* § 2290, p. 710 n. 9 (2d ed. Supp.1994)(same).

Finally, defense counsel's "assurances" at the Final Pretrial Conference are not a substitute for a proper answer under Rule 36. An eleventh hour, qualified statement of future intentions is hardly the equivalent of a written admission that a document is genuine or that a fact is true. Moreover, defense counsel's non-binding promise addressed only the genuineness of the medical bills; it did not constitute an offer to admit the critical issues of reasonableness and causation.

### 2. *Attorney's Fees For Bringing the Motion*

■ In addition to the costs incurred in proving facts at trial, plaintiff seeks an award of the attorney's fees that he incurred in prosecuting the instant motion. Plaintiff relies upon Fed.R.Civ.P. 37 and the inherent power of this Court as authority for such an award.

Rule 37(c)(2) does not expressly authorize a court to award the attorney's fees that a party incurs in prosecuting a post-trial motion for failure to admit, and the language of Rule 37(c), when read as a whole, suggests that this omission was deliberate. Rule 37(c)(1) states that the court may require "payment of reasonable expenses, including attorney's fees, caused by the failure [to disclose]" in addition to other sanctions. Fed. R.Civ.P. 37(c)(1). Had the drafters intended to allow a sanction of attorney's fees for the prosecution of a Rule 37(c)(2) motion, they would have included broad language of this nature. Instead, the language the drafters used specifically limited attorney's fees to those included in "the reasonable expenses incurred in making that proof." Fed. R.Civ.P. 37(c)(2).

To the extent Rule 37 provides any authorization for an award of attorney's fees, plaintiff will have to rely on the general sanctions provisions of Fed.R.Civ.P. 37(a)(4)(A). This rule does not apply to the instant case, however, because it provides for sanctions in connection with *pretrial* motions to compel discovery. Here we are dealing with a *post-*

---

5. Defense counsel's very effective cross-examination of plaintiff's other expert witness demonstrates the wisdom of plaintiff's strategy.

*trial* request for the costs of proving that which the defendants should have admitted.

In addition to statutory authorizations, every court possesses the inherent power to impose sanctions "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975)). There is no evidence that defendants' answers to plaintiff's Requests for Admission were posed for any inappropriate motive.

## V. *Conclusion*

Defendants' answers reflect folklore within the bar which holds that requests for admission need not be answered if the subject matter of the request "is within plaintiff's own knowledge," "invades the province of the jury," "addresses a subject for expert testimony," or "presents a genuine issue for trial." A favorite excuse for not answering requests for admission in a contract case is that "the document speaks for itself." It is common practice to deflect requests to admit the genuineness of documents with answers such as "my client is not the custodian of this record." The folklore further holds that a litigant will always have the chance to amend his answer before sanctions can be imposed. As the authorities set forth in this Opinion demonstrate, the folklore is wrong.

The party to whom requests for admission are propounded acts at his own peril when answering or objecting. Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted or in a post-trial award of monetary sanctions *without* prior opportunity to correct the deficiency. Therefore, the only safe course of action for counsel is to adhere to the plain language of Rule 36(a), to wit:

> The answer shall specifically deny the matter or set forth *in detail* the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

(Emphasis added). If the responding party is not sure whether to admit or deny, he must make "reasonable inquiry"[6] into the subject matter of the request and state in his answer the steps taken to satisfy this obligation. *Kutner Buick, Inc. v. Crum & Foster Corp.*, No. 95–1268, 1995 WL 508175, at *1, 1995 U.S. Dist. LEXIS 12524, at *6 (E.D.Pa. Aug. 24, 1995). If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request. *Id.; Milgram Food Stores, Inc. v. United States*, 558 F.Supp. 629, 636 (W.D.Mo.1983). Requests for admission are not games of "Battleship" in which the propounding party must guess the precise language coordinates that the responding party deems answerable.

For the reasons set forth above, plaintiff is awarded the sum of $5,807.50 against defendants Giant of Maryland, LLC and Michael Green[7] as a sanction for failing to admit the

---

**6.** While the answering party's inquiry need only be "reasonable," the courts are unlikely to find "an undue burden where the [answering] party can make necessary inquiries without extraordinary expense or effort. Thus, ... a party claiming that inquiry into the facts behind a request for admission would be overburdensome must show that the burden would be undue in light of all the circumstances." *Neal v. Ridge*, No. 90–2343, 1996 WL 4050, *5, 1996 U.S. Dist. LEXIS 14, *18 (E.D.Pa. Jan. 2, 1996)(internal quotation marks omitted).

For a definition of "reasonable inquiry," see *Kutner Buick*, 1995 WL 508175, at *3 n. 2, 1995 U.S. Dist. LEXIS 12524, at *11 n. 2.

**7.** Rule 37(c) authorizes an award of sanctions only against the answering party. It does not authorize an award of sanctions against the attorney who signs and serves a deficient response

truth of Request for Admission Nos. 5–34. Plaintiff is not awarded any attorney's fees for bringing the motion.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record.

IT IS SO **ORDERED.**

to a request for admission. *Apex Oil,* 855 F.2d at 1014–15.