FRONTIER–KEMPER
CONSTRUCTORS,
INC., Plaintiff,

v.

ELK RUN COAL COMPANY,
INC., Defendant.

No. 2:06–cv–00716.

United States District Court,
S.D. West Virginia,
Charleston.

Nov. 21, 2007.

Benjamin L. Bailey, Christopher S. Morris, Bailey & Glasser, Charleston, WV, for Plaintiff.

Nicholas S. Johnson, Ramonda C. Lyons, W. Henry Jernigan, Jr., Dinsmore & Shohl, Charleston, WV, for Defendant.

## MEMORANDUM OPINION

MARY E. STANLEY, United States Magistrate Judge.

Pending before the court is Defendant's Motion to Strike Objections and Compel Discovery (docket # 38), filed on October 22, 2007. By Order entered October 24, 2007 (# 40), the court accelerated the briefing on the Motion. Plaintiff has responded (# 41), and Defendant has replied (# 42). A hearing was conducted on November 2, 2007, and on that same date, the court entered an Order (# 44), granting Defendant's Motion, directing that Plaintiff serve complete discovery responses in compliance with the applicable Rules and indicating that the instant Memorandum Opinion would be entered at a later date.

### Allegations Alleged in the Complaint/Counterclaim

By a contract entered in June, 2005, Plaintiff, Frontier–Kemper Constructors, Inc., agreed to construct a 20–foot diameter underground coal transfer shaft, including the drilling of a pilot hole, for Defendant Elk Run Coal Company, Inc. ("Elk Run"). Plaintiff subcontracted with Ziegenfuss Drilling, Inc. ("ZD") to drill the pilot hole. According to the complaint, Elk Run agreed to pay for the drilling of the pilot hole on a cost plus basis. (# 1, ¶ 12.) Plaintiff alleges that Elk Run has refused to pay for some, but not all the work performed by Plaintiff and ZD. *Id.* at ¶ 15. The pending Motion alleges that ZD "materially exceeded its estimated time and cost in drilling the pilot hole," and that this action concerns which party should bear the burden of ZD's overruns. (# 38, at 2.) Elk Run has counterclaimed for loss of production and other expenses associated with the delays and extra costs. (# 6, at 5–12.)

### Timeliness of Objections/Good Cause Analysis

#### A. Timeliness of Objections

Elk Run served its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions by hand-delivery on counsel for Plaintiff on July 12, 2007. (# 26.) Pursuant to the provisions of Rules 6(a), 33(b)(3), 34(b), and 36(a) of the Federal Rules of Civil Procedure, responses were due in thirty days, that is, on August 13, 2007, because August 11 was a Saturday. On August 13, 2007, Plaintiff responded to the requests for admission. (# 30.) By letter dated August 13, 2007, the attorneys agreed that Plaintiff would have "an additional two weeks" to respond to the interrogatories and requests for production of documents. (# 38, Ex. D.) Thus, the discovery responses were due on August 27, 2007. Plaintiff served its responses to the interrogatories and requests for production of documents on August 31, 2007. (# 34.) Elk Run asserts that Plaintiff's objections are not timely and should be stricken. (# 38, at 4, 7.)

Elk Run contends that Plaintiff's answers to its Second Set of Interrogatories, Requests for Production of Documents and Requests for Admissions also were untimely. The discovery requests were served by hand-delivery on July 27, 2007. (# 29.) Responses were due August 27, 2007, because August 26, 2007, was a Sunday. In the letter dated August 13, 2007, referenced above, the attorneys also agreed that Plaintiff would have "an additional two weeks" to respond to the second set of discovery. (# 38, Ex. D.) Thus, the discovery responses were due on September 10, 2007. Plaintiff served responses to the requests for admissions on September 10, 2007. (# 35.) Plaintiff served its remaining discovery responses by mail on September 13, 2007 (# 36), but the certificate of service was not electronically filed until September 19, 2007.[1]

Plaintiff responds that Elk Run did not raise the issue of timeliness in the correspondence and conversation concerning the objections, and therefore is barred from raising it now. (# 41, at 2.) At the hearing, Plaintiff's counsel noted that Elk Run's Reply in support of the Motion to Strike, which was due by 5:00 p.m. on Wednesday, October 31, 2007, was not electronically filed until 6:10 p.m. on that day. On the theory that "what is sauce for the goose is sauce for the gander," Plaintiff suggested that if the court strikes Plaintiff's objections as untimely, then the court should strike the Reply as untimely.

Elk Run contends in its Reply that there is no disagreement that Plaintiff's responses were late, and thus there was no duty to confer, and it would have been futile to confer. (# 42, at 1–2.)

Our court's Local Rule on discovery disputes provides as follows:

(a) Objections to disclosures or discovery

Objections to disclosures or discovery that are not filed within the response time allowed by the Federal Rules of Civil Procedure, the scheduling order(s), or stipulation of the parties pursuant to FR Civ P 29, whichever governs, are waived unless otherwise ordered for good cause shown.

Objections shall comply with FR Civ P 26(g) and any claim of privilege or objection shall comply with FR Civ P 26(b)(5).

(b) Duty to confer

Before filing any discovery motion, including any motion for sanctions or for a protective order, counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of counsel for the moving party to arrange for the meeting.

Local Rules of the United States District Court for the Southern District of West Virginia, Local Rule of Civil Procedure 37.1(a) and (b).

Aside from arguing that Elk Run cannot now raise the issue of timeliness because it did not attempt to confer with Plaintiff on the timeliness issue, Plaintiff does not seriously dispute that its discovery responses were untimely. Instead, Plaintiff's Response argues that the parties must "meet and confer" on the timeliness issue, they did not and, therefore, Elk Run cannot argue Plaintiff's responses were untimely in its Motion to Compel. (# 41, at 1–2.)

Elk Run contends that it satisfied its meet and confer obligation by writing a letter to Plaintiff's counsel, outlining its disagreements with Plaintiff's objections, and receiving a letter and a telephone call from Plaintiff's counsel. (# 38, at 1 n. 1, Exs. A and B.) Elk Run did not raise the issue of timeliness with Plaintiff's counsel in its letter to Plaintiff's counsel, and Elk Run does not contend that it raised the issue with Plaintiff's counsel during their telephone conversation. Elk Run claims that it would have been futile to meet and confer on timeliness. The court disagrees.

The court finds that both Rule 37 of the Federal Rules of Civil Procedure and Local Civil Rule 37.1(b) require the parties to meet and confer as to virtually all discovery disputes which could lead to the filing of a motion to compel, for protective order, or for sanctions. The purpose of the meet and confer obligation is to obtain discovery mate-

---

1. The delay is attributable to a clerical oversight.

rial *without court action*. If a party is confronted with the accusation that its objections to discovery responses have been waived because they were not served in a timely fashion, there is an increased likelihood that the party will recognize the weakness of its position, and will withdraw the objections and disgorge the necessary information. Serving discovery responses and objections on time is critically important to maintaining a steady pace of discovery, and "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

While it is mandatory for parties to meet and confer in person or by telephone prior to filing a motion to compel, the Federal Rules of Civil Procedure and the Local Rules do not provide that failure to meet and confer automatically results in denial of the motion. Rather, the sanction for failing to meet and confer is the denial of a request for expenses incurred in making a motion, including attorney's fees. Fed.R.Civ.P. 37(a)(4).

Based on the above, the court concludes that Elk Run should have attempted to confer with Plaintiff regarding the untimeliness of its discovery responses. As such, to the extent Elk Run submits an application for fees and costs, those expenses incurred in relation to its timeliness argument cannot be recovered and should be excluded from its application.[2]

■ Applying the language of Local Civil Rule 37.1(a), the court finds that Plaintiff's responses to the disputed interrogatories and requests for production, which included multiple objections, were not served timely and, by operation of Local Rule 37.1(a), were waived, "unless otherwise ordered for good cause shown." [3]

2. The court notes that after the filing of the court's Order on November 2, 2007 (# 44), the parties entered into an agreed order related to attorney's fees and costs in the instant matter (# 64).

3. As to Plaintiff's argument that Elk Run's Reply should be struck as untimely if Plaintiff's objections are found to be untimely, the court rejects Plaintiff's argument. Plaintiff was in no way disadvantaged by Elk Run's seventy minute delay

## B. *Good Cause*

■ Turning to the issue of good cause, the court finds instructive, case law defining "good cause" for purposes of Rule 33(b)(4).[4] In making such an analysis, the court

> should look into the circumstances behind the failure to object [or in this case, timely respond], whether it was inadvertent, defiant, or part of a larger calculated strategy of noncompliance. The Court may also look at subsequent actions by the party to ascertain whether it was acting in good faith, as opposed to acting in a disinterested, obstructionist or bad faith manner. The court should always take into account any resulting prejudice or lack thereof, and the need to preserve the integrity of the rules by serving as a warning to other litigants. Finally, the Court may assess lesser sanctions should that be more appropriate.

*Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 259 (M.D.N.C.2001).

As discussed above, Plaintiff does not substantively address its failure to timely respond to the discovery, aside from arguing that Elk Run failed to meet and confer on the issue. Plaintiff does not otherwise explain why the discovery responses were late. Furthermore, a review of the disputed discovery suggests a larger strategy of noncompliance and an unnecessarily obstructionist approach to discovery.

### 1. *Elk Run's First Request for Production of Documents*

Elk Run's Motion addresses four requests for production of documents as follows:

> Request No. 4: Please produce all notes, records, or other documents that reflect any inspections and/or tests you undertook

in filing its Reply, as to which a response is not permitted absent court order.

4. Rule 33(b)(4) states that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Fed.R.Civ.P. 33(b)(4).

pursuant to "Section GC–10 Inspection, Tests" of the Subcontract.

Request No. 5: Please produce all notices you received from ZD pursuant to "Section GC–14—Notification of Potential Delay" of the Subcontract.

Request No. 6: Please produce all records or other documents reflecting any action taken by either you or ZD pursuant to the procedure laid out in "Section GC–16— Changes" of the Subcontract.

Request No. 7: Please produce all notes, records, or other documents reflecting all inspections and/or audits of ZD's books and records as described in "Section GD–21—Records, Accounts, and Audits" of the Subcontract.

(# 38, at 2–3.) Plaintiff's response as to each request reads as follows: "Objection. This request is overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Elk Run complains that these objections are generic, and nonspecific. *Id.* at 4. It asserts that the information is relevant to its counterclaim that Plaintiff failed to manage ZD's drilling process. *Id.*

Plaintiff asserts that it "has already provided in discovery all documents in its possession which are responsive to these requests." (# 41, at 2.) It contends that it would be unduly burdensome to match particular documents previously produced to particular discovery requests. *Id.*

Elk Run replies that Rule 34(b) gives the responding party a choice in the method of production: as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the request. (# 42, at 3.) Plaintiff merely produced a stack of documents to Elk Run. *Id.* Elk Run further contends that Plaintiff has not met its burden of showing that the request is unduly burdensome.

■ Rule 34(b) states that a response to a request for production

shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, including an objection to the requested form or forms for producing electronically stored information, stating the reasons for the objection. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

Fed.R.Civ.P. 34(b).

Our Local Rule 37.1(a) contains the important requirement that "[o]bjections shall comply with FR Civ P 26(g)." That Rule reads, in pertinent part, as follows:

**(g) Signing of Disclosures, Discovery Requests, Responses, and Objections.**

\* \* \*

(2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated. \* \* \* The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:

(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;

(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and

(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation. If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

(3) If without substantial justification a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, the party

528

on whose behalf the disclosure, request, response, or objection is made, or both, an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.

Fed.R.Civ.P. 26(g).

Plaintiff's objections were signed by an attorney of record, with his address stated. However, the court finds that Plaintiff's objections violate Local Civil Rule 37.1(a) and Rules 26(g) and 34(b) of the Federal Rules in the following significant ways: they are not consistent with the Federal Rules of Civil Procedure, they are not warranted by existing law, and they are not reasonable. Plaintiff appears to take the position that its bulk production of documents with its Rule 26(a)(1) disclosures should satisfy its obligations under Rule 34(b). Rule 26(a)(1) does not *require* the production of any documents, and it certainly does not excuse a party from complying with any other discovery rule. Rule 34(b) provides that, absent an agreement by the parties or a court order, "(i) a party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed.R.Civ.P. 34(b)(i). There is no indication that Plaintiff produced its Rule 26(a)(1) disclosures as they were kept in the usual course of business or that they were otherwise organized and labeled. *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618–19 (D.Kan.2005) (finding insufficient, defendant's response to a Rule 34 request for production of documents stating that the documents had been produced with defendant's Rule 26(a)(1) initial disclosures because there was insufficient evidence that the Rule 26(a)(1) disclosures had been produced as they were kept in the usual course of business). In asserting that its Rule 26(a)(1) disclosures suffice in responding to the Rule 34 requests without showing that the Rule 26(a)(1) disclosures were produced as they were kept in the usual course of business, Plaintiff clearly did not comply with the requirements of Rule 34(b).

■ In addition, Plaintiff's boilerplate objections are not acceptable. There is abundant caselaw to the effect that boilerplate objections to Rule 34 document requests are inappropriate. In the first instance, specific objections are required in responding to a Rule 34 request, even though the language of Rule 34 is less explicit than Rule 33(b)(4) as to the nature of an acceptable objection. Rule 33(b)(4) states that an objection must be "stated with specificity." Fed.R.Civ.P. 33(b)(4). In comparison, Rule 34(b), states: "If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts." Fed.R.Civ.P. 34(b). In *Drexel Heritage*, the United States District Court for the Middle District of North Carolina acknowledged that while the plain language of Rule 34 does not explicitly provide for waiver when objections are not stated, "Rule 34(b), like Rule 33(b)(4), requires the reasons for any objections to be explicitly stated. Therefore, the Court finds the waiver to be an implicit one." *Drexel Heritage*, 200 F.R.D. at 258 (footnote omitted). Likewise, in *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D.Md.2005), the court held that

implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown.

Furthermore, boilerplate objections in response to a Rule 34 request for production of documents are widely rejected. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir.1990) (finding insufficient, objections to document requests on the grounds that they were overly broad, burdensome and oppressive); *Sabol v. Brooks*, 469 F.Supp.2d 324, 328–29 (D.Md. 2006) (court found that an out-of-state nonparty ordered to appear for an examination in aid of judgment had violated Rule 34 when it objected to discovery on the grounds that it was overly broad, vague and sought information not reasonably calculated to lead to the discovery of admissible evidence because it failed "to make particularized objections to document requests", which constituted waiv-

er of those objections); *St. Paul Reins. Co., Ltd. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 512 (N.D.Iowa 2000) (Boilerplate objections, including that a particular document request was oppressive, burdensome and harassing, were "[i]n every respect ... textbook examples of what federal courts have routinely deemed to be improper objections."); *Momah v. Albert Einstein Med. Ctr.,* 164 F.R.D. 412, 417 (E.D.Pa.1996) ("Mere recitation of the familiar litany that an interrogatory or a document production request is 'overly broad, burdensome, oppressive and irrelevant' will not suffice.").

### 2. *Elk Run's Second Set of Interrogatories*

■ The court notes that Plaintiff's answers to Elk Run's second set of interrogatories are utterly deficient because they are not answered under oath, signed by the person making the answers as required by Rule 33(b)(1) of the Federal Rules of Civil Procedure and *Saria v. Massachusetts Mutual Life Ins. Co.,* 228 F.R.D. 536, 539–40 (S.D.W.Va.2005).

In addition to the deficiency outlined above, the court finds that the answers to interrogatory numbers 1 and 2 are inadequate, unresponsive, and inconsistent with the requirements of Rule 33.

Rule 33(b)(4) states that

[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed.R.Civ.P. 33(b)(4).

■ Interrogatory number 1 seeks specific information about the ground composition through which Plaintiff believed the pilot hole would be drilled and the material and/or ground composition actually encountered by ZD. In response, Plaintiff objected on the ground that the interrogatory was unduly burdensome and stated that "details of the ground composition at issue were provided by the Defendant.... " (# 38, Ex. F at 1–2.) As to the ground composition actually encountered by ZD, Plaintiff answered that it

was without sufficient information to respond. As to the composition expected, Plaintiff referred to documents previously produced in discovery. *Id.*

■ Plaintiff's response is insufficient. As the court in *VICA Coal Co., Inc. v. Crosby,* 212 F.R.D. 498, 506 (S.D.W.Va.2003), stated " '[ a] party to civil litigation in the federal system is under a severe duty to make every effort to obtain the requested information and, if, after an adequate effort, he is unsuccessful, his answer should recite in detail the attempts which he made to acquire the information.' " (quoting *Jackson v. Kroblin Refrigerated Xpress, Inc.,* 49 F.R.D. 134, 137 (N.D.W.Va.1970)). Plaintiff's response to interrogatory number 1 falls short of this requirement and, appears to improperly rely on the large volume of documents produced with its Rule 26(a)(1) disclosures instead of providing a specific response.

■ Interrogatory number 2 seeks the evidentiary support for Plaintiff's assertion that it provided adequate managerial oversight, supervision, and inspection of ZD's pilot hole drilling operations as claimed in Paragraph 17 of Plaintiff's Answer. In response, Plaintiff contends that the interrogatory misstates Paragraph 17 and, therefore, is vague and unduly burdensome. Without waiving the objection, Plaintiff states that "all facts, documents, statements, and evidence adduced to date in discovery of this matter constitute evidentiary support for Plaintiff's denial of any failure of managerial oversight, supervision, and/or inspection of ZD's operations." (# 38, Ex. F at 2.)

Contention interrogatories like interrogatory number 2 are a beneficial means of discovery in that they "can help pin down an opponent's legal theories in a case as well as the primary facts supporting them." *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.,* 173 F.R.D. 651, 652 (D.Md.1997). Plaintiff's objection is inappropriate and the subsequent answer, nonresponsive.

### 3. *Elk Run's Second Set of Requests for Production*

■ Elk Run's second set of requests for production, numbers 2, 4, and 7, seek docu-

ments relating to specific inquiries (Section 16 of the contract, subsurface conditions, and post-contract agreements on excessive costs). Plaintiff's responses stated that Elk Run "may refer to all correspondence with Elk Run," "may refer to all correspondence between Plaintiff and ZD," and "may refer to ELK RUN 00713, as well as other documents produced in discovery in this litigation." (# 38, at 10–11.) In other words, Plaintiff has again relied on the large volume of documents produced with its Rule 26(a)(1) disclosures. For the reasons stated with respect to Elk Run's first set of discovery requests, Plaintiff's responses are inadequate and inconsistent with Rule 34.

In summary, this court encounters discovery disputes involving boilerplate and other inappropriate objections far too frequently. Because civil actions are more frequently settled as opposed to tried, a lawyer's reputation is made in discovery and motion practice and it is in those areas that the court expects full compliance with the applicable rules and case law. The days of ambushing one's opponent are gone, and were, in fact, never really in effect under the Federal Rules when properly applied. It is the court's hope that the rulings contained herein will serve as a caution to the bar that the Federal Rules of Civil Procedure, the court's Local Rules, and applicable case law must be followed in discovery practice.

### Sufficiency of Plaintiff's Objections to Elk Run's Second Set of Requests for Admissions

Elk Run challenges the sufficiency of Plaintiff's timely served responses to two requests for admission from Elk Run's second set of discovery:

Request No. 3: Please admit that in drilling the pilot hole, encountering a void in the first two seams (Upper Split of the 5 Block and Lower Split of the 5 Block) would have produced increased cost and time by requiring casing to isolate the void.

Response: Objection. By using the phrase "increased cost and time" Defendant has created a request that is inappropriately vague and therefore unduly burdensome. As a result of the vague nature

of the request, Plaintiff can neither admit nor deny this request.

Request No. 7: Please admit that Frontier–Kemper included in its proposal an estimate that the pilot hole would be drilled in 14 calendar days.

Response: Objection. The referenced document speaks for itself.

(# 38, at 5–6.)

Regarding Plaintiff's objection to request for admission number 3, Elk Run contends that "increased cost and time" is not vague and that Plaintiff's response is word play, in that Plaintiff contends that the phrase is grammatically comparative, without any standard by which to compare. *Id.*

Plaintiff asserts that its response is not mere word play, and that it is Elk Run's fault for not crafting a more precise request. (# 41, at 3.)

Elk Run replies that a request is not vague if the requesting party reasonably identifies what it wants to know. (# 42, at 4.)

As to Plaintiff's objection to request for admission number 7, Elk Run contends that using a response like, "the document speaks for itself," is inappropriate and unjustified under the Federal Rules, noting that at least one court has referred to such a phrase as "folklore." *See House v. Giant of Maryland, LLC,* 232 F.R.D. 257, 262 (E.D.Va.2005). (# 38, at 5–6.)

Plaintiff claims that Elk Run's request serves neither of the purposes of Rule 36 in that it does not address the authenticity of a document, or that it was prepared at a particular time by a particular person. (# 41, at 3.) On that basis, Plaintiff declares the request to be unduly burdensome. *Id.* at 4.

In reply, Elk Run cites to the lack of support for an objection based on "the document speaks for itself," and notes that it asks Plaintiff to admit that a proposal in early June carried the estimate. (# 42, at 5.)

Rule 36(a) provides that an answer to a request for admission

shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny

the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

Fed.R.Civ.P. 36(a).

In addition, Rule 36(a) further provides that

[t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pretrial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Fed.R.Civ.P. 36(a).

Rule 36(a)'s primary purposes are "to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Fed.R.Civ.P. 36, advisory committee's note (1970 amendment); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed. 1994) (Rule 36 is designed "to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial."). In *House v. Giant of Maryland, LLC*, 232 F.R.D. 257, 262 (E.D.Va.2005), the court described "folklore" that has developed

within the bar which holds that requests for admission need not be answered if the subject matter of the request "is within plaintiff's own knowledge," "invades the province of the jury," "addresses a subject for expert testimony," or "presents a genuine issue for trial." A favorite excuse for not answering requests for admission in a contract case is that "the document speaks for itself." It is common practice to deflect requests to admit the genuineness of documents with answers such as "my client is not the custodian of this record." The folklore further holds that a litigant will always have the chance to amend his answer before sanctions can be imposed.

The court in *House* rejected this "folklore" as inconsistent with Rule 36 and went on to find that

[t]he party to whom requests for admission are propounded acts at his own peril when answering or objecting. Gamesmanship in the form of non-responsive answers, vague promises of a future response, or quibbling objections can result in the request being deemed admitted or in a post-trial award of monetary sanctions *without* prior opportunity to correct the deficiency. Therefore, the only safe course of action is to adhere to the plain language of Rule 36(a)....

*Id.*

 The court finds that Plaintiff's objections to request numbers 3 and 7 are not justified and represent the very sort of improper practice described in *House*. Plaintiff's objection to request number 3 is insufficient in that it is utterly clear that the phrase "increased cost and time" refers to whether or not a void was encountered in the first two seams (Upper Split of the 5 Block and Lower Split of the 5 Block), that is, costs and time would increase if a void were encountered in either seam.

 The court further finds that Plaintiff's objection to request number 7 is not

justified in that the proposal either did or did not include a time estimate, a fact which can readily be admitted or denied. At the hearing, the parties agreed that they understand which document is known as the "proposal." Plaintiff's objection, that "[t]he referenced document speaks for itself," is textbook "folklore" and is not in compliance with Rule 36.

Plaintiff's objections to requests for admission numbers 3 and 7 simply are not justified and, pursuant to Rule 36(a), Plaintiff must serve amended answers thereto.

### Conclusion

Based on the foregoing, the court finds that Plaintiff's responses were not timely served (except for the responses to requests for admission numbers 3 and 7), that all objections contained therein are waived (except for the objections to requests for admission numbers 3 and 7), and that Plaintiff has failed to show good cause to be excused from that waiver. As to requests for admission numbers 3 and 7, the court finds that Plaintiff's objections are not justified. Pursuant to the court's Order entered November 2, 2007, the court directed Plaintiff to serve complete discovery responses in compliance with all applicable Rules. The court further finds that Plaintiff has repeatedly violated the Federal Rules of Civil Procedure in the manner in which it has failed to answer interrogatories, respond to requests for admissions, and produce requested documents, and that Plaintiff's objections and responses were not substantially justified.

The Clerk is directed to transmit copies of this Memorandum Opinion to all counsel of record and to post this published opinion at http://www.wvsd.uscourts.gov.